**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| OMAR VALLE-NIEVES <br><br> Plaintiff <br><br> v. <br><br> MIGUEL A. PEREIRA-CASTILLO, et al. <br><br> Defendants | **Civil No. 09-1686 (SEC)** |

**ORDER**

On July 21, 2009, Plaintiff, a pro-se litigant, filed the present 42 U.S.C. § 1983 action against the Commonwealth of Puerto Rico, and various state officials (collectively "Defendants"). See Docket # 2. Concurrently, Plaintiff filed a motion for leave to proceed *in forma pauperis*. See Docket # 1. Furthermore, the present claim was filed in the Spanish language in violation of Local Rule 10(b). Accordingly, the Court ordered Plaintiff to file a certified English translation, or otherwise show cause as to his defective filings. Two orders to this effect were sent to Plaintiff; the first on August 26, 2009 and the second on November 17, 2009. See Docket # 4 & 5. The second Order instructed file a certified English translation of his complaint, or an amended complaint in English, by December 21, 2009. He was also expressly warned that failure to comply with this Court's order would result in dismissal of his cause of action.

Federal law dictates that all "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). Violations of this rule constitute reversible error. Id. Moreover, if the Court were to provide translation as Plaintiff requests, the policy would lead to significant costs to this Court. According to Mallard v. United States District Court for Southern Dist. of Iowa, 490 U.S. 296, 296-297 (1989), under former section 28 U.S.C. 1915(d), redesignated as 28 U.S.C. 1915(e), federal

courts have the authority to request an attorney to represent an indigent litigant in a civil case, but are without authority to require representation. While interpreting this rule, the district courts in the First Circuit have reiterated that they have no authority to commit financial resources to appointed counsel, even when exceptional circumstances are found. Feliciano v. DuBois, 846 F. Supp. 1033, 140 (D. Mass. 1994). In light of this reality, Plaintiff cannot be allowed to proceed in the Spanish language.

The Supreme Court of the United States has noted that, "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31(1962). The First Circuit has noted that "in a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13 (1st Cir. 1996). The dismissal of a case is within the power of a district court. Notwithstanding, dismissal is typically a measure of last resort, "reserved for extreme cases . . ." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005).

Of course, "[t]he power of the court to prevent undue delays must be weighed against the policy favoring the disposition of cases on their merits . . . [u]ltimately, however, plaintiff is responsible for developing and prosecuting its own case." Jardines Ltd. Pshp. v. Executive Homesearch Realty Servs., 178 F.R.D. 365, 367 (D.P.R. 1998); Hernandez-Festa v. Fernandez-Cornier, Civ. No. -5-1940, 2007 U.S. Dist. LEXIS 59254 (D.P.R. Aug. 13, 2007). Nevertheless, First Circuit precedent is clear that when "the Court appropriately forewarns a plaintiff of the consequences of future non-compliance with an unambiguous order, the Court need not exhaust less toxic sanctions before dismissing a case with prejudice." Torres-Vargas, 431 F. 3d at 392.

In the present action, this Court has attempted to forewarn Plaintiff regarding the deficiencies in his filings. Nonetheless, he has failed to comply with Rule 10(b), despite this Court's Order.  Accordingly, considering Plaintiff's lack of compliance with Local Rule 10(b), all of Plaintiffs' claims against Defendants will be **DISMISSED WITHOUT PREJUDICE**. This Judgment does not constitute on the underlying merits of the cause of

action.  Judgment will be entered accordingly.

       **SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of February, 2009.

                                            S/ *Salvador E. Casellas*
                                            SALVADOR E. CASELLAS
                                            U.S. Senior District Judge